UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KATORIA M. GREENE,

    Petitioner,

v.                                                               Case No. 4:20-cv-508-MW/MJF

ERICA STRONG,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Katoria M. Greene ("Greene") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking redress of the Bureau of Prison's ("BOP") alleged failure to provide her with credit toward her sentence of imprisonment. The government filed a motion to dismiss the petition for failure to exhaust administrative remedies. Doc. 13. Greene filed a response. Doc. 15. The government filed a reply. The undersigned recommends that the District Court deny Greene's petition because she failed to exhaust her administrative remedies.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Background

### A. Greene's Conviction and Sentence

In 2014, in the United States District Court for the Middle District of Georgia, a grand jury charged Greene with:

**Counts One and Two:** theft of government property, in violation of 18 U.S.C. § 641.

**Counts Three and Four:** aggravated identity theft, in violation of 18 U.S.C. § 1028A; and

**Count Five:** access device fraud, in violation of 18 U.S.C. § 1029(a)(3).

Doc. 13 at 2; Doc. 15 at 3; *United States v. Greene*, No. 1:14-cr-30-WLS-TQL, Indictment, ECF No. 3 (M.D. Ga. Aug. 12, 2014).[2] Greene pleaded guilty to Counts One, Three, and Five. Doc. 13 at 2; *Greene*, Plea Agreement, ECF No. 27 (M.D. Ga. Dec. 17, 2014).

---

[2] The undersigned takes judicial notice of the documents filed in the United States District Court for the Middle District of Georgia. Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). The parties should have received copies of these documents. Regardless, the documents can be obtained from the clerk of the respective court. Documents filed in Greene's criminal case are delineated "ECF No. ___." Documents filed in the instant case are referenced as "Doc. ___."

On July 15, 2015, the District Court for the Middle District of Georgia sentenced Greene to the following terms of imprisonment: 96 months of imprisonment on Count One; 60 months of imprisonment on Count Five, to run concurrently to the sentence on Count One; and 24 months of imprisonment on Count Three, to run consecutively to the sentences on Counts One and Five. This resulted in a total term of imprisonment of 120 months. Doc. 13 at 3; *Greene*, Minute Entry, ECF No. 44 (M.D. Ga. July 15, 2015); *Greene*, Judgment, ECF No. 48 (M.D. Ga. July 22, 2015). The BOP incarcerated Greene at FCI Tallahassee.

B.  **Greene's Claims**

On October 26, 2020, Greene filed this section 2241 petition. Doc. 1. Greene presents two claims to the court. As ground one, she states that the:

> Federal [BOP] has failed to apply "earned time" credits for Evidence Based Recidivism Reduction Training under the First Step Act. 18 U.S.C. 3634(d)(4)(A). [BOP] should have applied credit for my participation in the training programming or productive activities. In conjunction with the Second Chance Act, I should be released August 23, 2021.

*Id.* at 3, 7-8. As for ground two, Plaintiff states that she is being held in violation of the Fifth Amendment of the United States Constitution because the BOP has not provided her with "earned time credit" pursuant to the First Step Act and the Second

Chance Act. *Id.* at 4. Greene seeks "immediate application of the earned time credit under the First Step Act, and the Second Chance Act." *Id.* at 6.

On May 25, 2021, Greene filed a motion for leave to amend her petition. Greene indicated that she had exhausted her administrative remedies relating to the claims presented in her petition. Doc. 11 at 1, 5. The undersigned denied this motion without prejudice because Greene did not attach a complete copy of her proposed amended petition. Doc. 12.

### C. The Government's Motion to Dismiss and Greene's Response

The government has filed a motion to dismiss this action for failure to exhaust administrative remedies. Doc. 13. The government contends, prior to initiating this instant habeas action, Greene did not seek review of her claims through the BOP's multi-stage administrative grievance process set forth in 28 C.F.R. §§ 542.10-.19. *Id.* at 7. Therefore, the government contends, the District Court should dismiss Greene's habeas petition without prejudice. *Id.*

In Greene's response to the government's motion to dismiss, she asserts that she did in fact exhaust her administrative remedies. Greene concedes, however, that she exhausted her administrative remedies only *after* she filed the instant petition under section 2241. Doc. 15 at 3-4 (noting that she filed her petition on October 26, 2020, and began the exhaustion procedure nearly five months later on March 1,

2021). Greene also argues—in the alternative—that she was not required to exhaust her administrative remedies, because her claims involve only a matter of statutory construction. *Id.* at 4.

## II. DISCUSSION

**A.**     <u>**Failure to Exhaust Administrative Remedies**</u>

Before commencing a section 2241 proceeding, and inmate must exhaust available administrative remedies. *Santiago-Lugo v. Warden*, 785 F.3d 467, 474-75 (11th Cir. 2015) ("A court may not disregard the failure to exhaust and grant relief on the merits if the respondent properly asserts the defense."); *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995) ("[A]n inmate must typically exhaust his or her administrative remedies with the BOP before seeking judicial relief."). "In order to properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules." *Davis v. Warden, FCC Coleman—USP I*, 661 F. App'x 561, 562 (11th Cir. 2016) (citing *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)).

### 1.     *BOP's Administrative Grievance Procedure*

The BOP has promulgated a four-level administrative grievance procedure for prisoner complaints "to allow an inmate to seek formal review of an issue relating to *any* aspect of his/her own confinement." 28 C.F.R. § 542.10(a) (emphasis added).

Generally, a federal prisoner exhausts her administrative remedies by first attempting to resolve the matter informally. *Id.* § 542.13(a). If informal resolution is unsuccessful, the prisoner then must submit "a formal written Administrative Remedy Request, on the appropriate form (BP-9)." *Id.* § 542.14(a). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a). Finally, an "inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.* § 542.18.

### 2.   *Adjudication of Motions to Dismiss for Failure to Exhaust*

Adjudicating a motion to dismiss for failure to exhaust administrative remedies involves two steps. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008); *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 855 (11th Cir. 2020). First, the court looks to the factual allegations in the respondent's motion and those in the petitioner's response. *Turner*, 541 F.3d at 1082. If the respective assertions conflict, the court must presume that the petitioner's version is true. "If, in that light,

the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.*; *see also Bryant v. Rich*, 530 F.3d 1368, 1373-74 (11th Cir. 2008).

If the complaint is not subject to dismissal at the first step, "the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082 (citing *Bryant*, 530 F.3d at 1373-74, 1376). "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id.* Upon making findings on the disputed issues of fact, the court then decides whether, under those findings, the petitioner has exhausted her available administrative remedies.

### 3. *Application of* Turner *to Greene's Case*

Both the government and Greene agree that Greene did not raise her claim through the BOP administrative process until *after* she filed this instant habeas petition. Greene, however, is inconsistent about the dates on which she filed her grievances. Doc. 1 at 3-4 (noting that Greene had not presented either ground asserted in her petition to the BOP through the BOP's grievance procedure); Doc. 11 at 4-5 (Greene states she filed her BP-9 form in February 2021)[3]; Doc. 13 at 5,

---

[3] In her motion for leave to amend her petition, Greene ambiguously wrote that she filed her grievance with the BOP in "02" and "03" of 2021. Whether Greene filed the grievance in February 2021 or March 2021, she clearly could not have exhausted

15 ¶ 5 (indicating that Greene filed her BP-9 form on March 1, 2021); Doc. 15 at 4 (Greene states in her response to the motion to dismiss that she filed her BP-9 form on March 1, 2021). The undersigned will accept Greene's initial assertion that she filed her first Request for Administrative Remedy No. 1070851-F1 (the BP-9 form) with the Warden in February 2021. This was nearly four months after Greene initiated this lawsuit.

There is no dispute that the Warden denied on the merits Greene's grievance. Doc. 11 at 4-5; Doc. 13 at 5. Greene then filed a Remedy Appeal No. 1070851-R1 (BP-10 form) with the Regional Office. The government asserts that Greene filed this Remedy on April 1, 2021. The government also states that on June 10, 2021, the regional director denied Greene's administrative remedy appeal on the merits. Doc. 13 at 5, 15 ¶ 6. Greene does not dispute this in her response to the government's motion to dismiss. Doc. 15 at 4. In her attempt to amend her petition, however, Greene asserts that she filed her Remedy Appeal (BP-10 form) in March 2021, and that she did not receive an answer timely. Doc. 11 at 4-5. Assuming that Greene is correct in her motion to amend her petition, Greene still would be entitled to proceed to the final step of the grievance procedure. 28 C.F.R. § 542.18.

---

her administrative remedies *before* she initiated this habeas action on October 26, 2020. Doc. 1.

Finally, Greene filed Remedy No. 1070851-A1 (BP-11 form) with the Central Office. The government states that Greene filed Remedy No. 1070851-A1 prior to receiving the regional director's denial of Greene's administrative remedy appeal. Specifically, the government contends that Greene filed her BP-11 form on May 3, 2021. The Central Office rejected the BP-11 with the following explanation: "RD response due 05-31-2021. Wait until you receive the RD's response or refile after 5-21. Make sure to provide the BP-9 and Warden's response." Doc. 13 at 5, 18. In her response to the government's motion to dismiss, Greene agrees with this assertion and concludes that she fully exhausted her administrative remedies. Doc. 15 at 4. In her motion for leave to amend her petition, however, Greene stated that she filed her BP-11 with the Central Office on "04-2021" and that she did not receive a timely response from the Central Office. Doc. 11 at 4-5. She concludes, therefore, that she fully exhausted the administrative remedy process.

Even assuming that Greene's version of events—as stated in her motion to amend her petition—is true, Greene has conceded that she exhausted her administrative remedies *only after commencing this lawsuit*. Under federal law, that is insufficient to exhaust administrative remedies. An inmate must "exhaust available remedies *before* seeking relief." *Blevins*, 819 F. App'x at 855 (emphasis added) (citing *Santiago*, 785 F.3d at 474-75); *Rodriguez*, 60 F.3d at 747 ("[A]n

inmate must typically exhaust his or her administrative remedies with the BOP *before* seeking judicial relief.") (emphasis added); *Shorter v. Warden*, 803 F. App'x 332, 336 (11th Cir. 2020) ("In general, a § 2241 petitioner must exhaust available administrative remedies *before* she can obtain relief in federal court.") (emphasis added). Thus, Greene has not properly exhausted her administrative remedies.

  **4.**  ***Inapplicability of Any Exception to the Exhaustion Requirement***

  To escape the fact that she failed to exhaust her administrative remedies, Greene proffers a one-sentence argument—and cites an unpublished decision from the Third Circuit—that she was not required to exhaust her administrative remedies because her claim turns "only on statutory construction." Doc. 15 at 4 (citing *Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016)). A single sentence is insufficient to carry a petitioner's burden of demonstrating that an exception to the exhaustion requirement applies. *Jaimes v. United States*, 168 F. App'x 356, 359 (11th Cir. 2006) (per curiam); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). Courts need not consider undeveloped arguments regarding exceptions to the exhaustion requirement. *Jaimes*, 168 F. App'x at 359 (noting that the district court did not err in dismissing for failure to exhaust when the petitioner did not "adequately explain why administrative review would prove futile"). For this reason alone, Greene's argument fails.

Greene's argument fails for a second independent reason: Greene does not identify any issue of statutory construction that the District Court must or should resolve in this case. Rather, Greene seeks only to have the court order the BOP to calculate and award additional "credit time" for her completion of a recidivism reduction programming. Without an issue of statutory construction for the District Court to resolve, the so-called "statutory construction" exemption could not even be applicable to this case. For this reason, too, Greene has failed to demonstrate that she is somehow exempted from the requirement that petitioners exhaust their administrative remedies prior to filing a petition under section 2241. *See Toussaint v. Knight*, No. 6:21-cv-764-HMH/KFM, 2021 WL 2635887, at *4 (D.S.C. June 4, 2021) (rejecting the petitioner's contention that he was not required to exhaust because his claim turned on statutory interpretation when the petition failed to identify any issue of statutory construction that the court was required to resolve), *report and recommendation adopted*, No. CV 6:21-764-HMH-KFM, 2021 WL 2635479 (D.S.C. June 25, 2021).

Furthermore, even if Greene had developed her argument and there were an issue of statutory construction to be resolved, several federal courts have rejected the application of the so-called "statutory construction" exemption to the First Step Act. *Cannata v. United States*, No. 4:21-cv-283-MW/HTC, 2021 WL 4254942, at

*1 (N.D. Fla. Aug. 18, 2021) (collecting cases), *report and recommendation adopted*, No. 4:21-cv-283-MW/HTC, 2021 WL 4244283 (N.D. Fla. Sept. 17, 2021). Indeed, only one district court has applied this exception to an earned time credit ("ETC") claim. *Goodman v. Ortiz*, No. 20-7582 (RMB), 2020 WL 5015613, at *2 (D.N.J. Aug. 25, 2020). Even that district court specifically noted that the respondents had resolved all relevant factual disputes by admitting that the petitioner had completed the authorized programs and earned the ETC in question. *Id.* at *3. The majority of courts, however, have routinely declined to extend the "statutory construction" exemption when there are factual disputes. *Cannata*, 2021 WL 4254942, at *2; *Caron v. Garrett*, No. 7:21-CV-385-MHH-GMB, 2021 WL 2672049, at *2 (N.D. Ala. June 4, 2021) (collecting cases), *report and recommendation adopted*, No. 7:21-CV-385-MHH-GMB, 2021 WL 2661963 (N.D. Ala. June 29, 2021). Instead, these courts found that ETC claims are generally subject to the exhaustion requirement.

Here, the government has not conceded any factual points regarding Greene's eligibility for, participation in, and applicability of the various evidence-based recidivism reduction training programs. Development of these facts during the administrative process would be beneficial, and Greene has not shown that she will

suffer irreparable harm if she is unable to secure immediate judicial consideration of her claim.

Accordingly, Greene has failed to exhaust her administrative remedies and she has failed to demonstrate that any exception to the exhaustion requirement is applicable to her case.

**B.    Greene's Claim is Premature**

The First Step Act ("FSA") was signed into law on December 21, 2018. Under the FSA, an eligible prisoner "who successfully completes evidence-based recidivism reduction programming or productive activities" and who is "determined by the [BOP] to be at minimum or low risk of recidivating" is entitled to earn 15 days of time credits for every 30 days of successful participating in the evidence-based recidivism reduction programming. 18 U.S.C. § 3632(d)(4)(A). The FSA provided for the development for the framework of evaluation and the framework for the evidence-based recidivism reeducation programming over a period of several months.

Specifically, within 210 days after the date of enactment of the FSA, the "Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, shall develop and release publicly on the Department of Justice website a risk and needs assessment system." *See* 18 U.S.C.

§ 3632. Within 180 days, or January 2020, the BOP had to complete the risk and needs assessment for each prisoner. *Id.* The FSA also provided the BOP two years after it completes the risk and needs assessment for each prisoner to "phase in" the program implementation. 18 U.S.C. § 3621(h)(2)(A). This 2-year phase-in date has not expired and will not expire until January 2022. In other words, "the statute contemplates a two-year period for the development of programs and the validation of risk assessment tools but does not require the BOP to truncate that process and begin to award ETCs during" this "phase in" period. *Cohen v. United States*, No. 20-CV-10833 (JGK), 2021 WL 1549917, at *3 (S.D.N.Y. Apr. 20, 2021). Thus, the BOP "is not required to . . . calculate or apply time credits earned" for participation in evidence-based recidivism reduction programming until January 15, 2022. *Id.*; *Holt v. Warden*, No. 4:20-CV-04064-RAL, 2021 WL 1925503, at *5 (D.S.D. May 13, 2021) (noting that Congress used "may" and not "shall," when addressing implementation of earned time credits during the phase-in period. Thus implementation of the FSA earned time credits is permissible during the two-year phase-in period, not mandatory); *see Cannata*, 2021 WL 4254942, at *3.

Beyond her failure to exhaust her administrative remedies, therefore, Greene's claim is premature. This is yet another reason for the District Court to deny Greene's claim. *Holt*, 2021 WL 1925503, at *5 (noting that the majority of cases have found

such claims premature during the "phase in" period); *Cohen*, 2021 WL 1549917, at *3 (collecting cases) (noting that the majority of cases have found similar claims premature during the "phase in" period).

### III. CONCLUSION

Because Greene failed to exhaust her administrative remedies prior to filing her petition, and her claim is premature, the undersigned respectfully **RECOMMENDS** that:

1. Greene's petition for writ of habeas corpus filed under 28 U.S.C. § 2241, Doc. 1, be **DENIED** without prejudice.

2. The clerk of the court be directed to close this case file.

At Pensacola, Florida, this 20th day of October, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank
United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal**

**conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. If the parties dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**