IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KATORIA M. GREENE,

    *Petitioner*,

v.                                      Case No.: 4:20cv508-MW/MJF

ERICA STRONG,

    *Respondent*.

_____/

## ORDER ACCEPTING AND ADOPTING
## REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 20, and also has reviewed *de novo* Petitioner's objections, ECF No. 21. The Magistrate Judge's factual determination that Petitioner completed the exhaustion *after* the initiation of this habeas action is supported by the record. As the Magistrate Judge correctly concluded, exhaustion is a mandatory pre-suit requirement. *Santiago-Lugo v. Warden*, 785 F.3d 467, 474-75 (11th Cir. 2015); *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995).

Additionally, unlike the situation in *Goodman v. Ortiz*, factual disputes still exist regarding Petitioner's eligibility for and participation in various evidence-based recidivism reduction training programs. *See Goodman v. Ortiz*, No. 20-7582 (RMB), 2020 WL 5015613, at *2-3 (D.N.J. Aug. 25, 2020) (waiving exhaustion

requirement based on Third Circuit law and noting that the issue was one of narrow statutory construction because all factual disputes were resolved after respondent conceded that the petitioner completed the authorized programs and earned the time credits in question). Respondent has not conceded or admitted to any of Petitioner's factual contentions. Nor has Petitioner advanced any argument that Respondent conceded any of these points. Thus, *Goodman* is inapposite in the present case. *Cannata v. United States*, No. 4:21-cv-283-MW-HTC, 2021 WL 4254942, at *2 (N.D. Fla. Aug. 18, 2021) (rejecting application of *Goodman* because factual disputes existed), *report and recommendation adopted*, 2021 WL 4244283 (N.D. Fla. Sept. 17, 2021); *Caron v. Garrett*, No. 7:21-CV-385-MHH-GMB, 2021 WL 2672049, at *2 (N.D. Ala. June 4, 2021) (same) (collecting cases), *report and recommendation adopted*, No. 7:21-CV-385-MHH-GMB, 2021 WL 2661963 (N.D. Ala. June 29, 2021). Development of the record regarding Petitioner's eligibility for and participation in, and the applicability of, various evidence-based recidivism reduction training programs during the administrative process would be beneficial for the parties and the Court.

Furthermore, even if this Court were to excuse Petitioner's failure to exhaust, her petition is premature. Petitioner argues that her claim is not premature because the statute "anticipates that some prisoners will complete programs within the two (2) year phase-in-period" and that "prisoners who earned sufficient time credits

during the phase-in-period could be released prior to the end date for the two-year phase in." ECF No. 21 at 2-3. This argument is also without merit.[1] The Magistrate Judge correctly analyzed Petitioner's claim regarding the implementation of the First Step Act ("FSA").

In the text of 18 U.S.C. § 1362(h)(4), Congress used the word "may." Congress typically uses the permissive word "may" to vest discretionary authority, not to command an outcome. *See Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 346-47 (2005); *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1257 (11th Cir. 2020). Thus, Congress's use of the word "may" indicates that Congress bestowed on the BOP discretion to award ETC during the phase-in period; Congress did not require the BOP to make such awards. *Kennedy-Robey v. FCI Perkin*, No. 20-cv-1371, 2021 WL 797516, at *3 (C.D. Ill. Mar. 2, 2021); *see Holt v. Warden*, No. 4:20-CV-04064-RAL, 2021 WL 1925503, at *5 (D.S.D. May 13, 2021) (noting that Congress's use of the word "may" indicates that the BOP's award of ETCs is

---

[1] Petitioner asserts that, if the Bureau of Prisons ("BOP") had awarded her the earned time credit ("ETC") immediately, she would have been entitled to release in September 2021. ECF No. 21 at 2-3. That is incorrect. Petitioner's projected release date is March 28, 2024, and she will be eligible for home detention on September 28, 2023. *Id.* at 11. By Petitioner's own admission under the FSA she is entitled to—at most—330 days of credit. *Id.* at 4. More than 800 days separate the end of the phase-in period (January 15, 2022) and Petitioner's projected release date (March 28, 2024). More than 600 days separate the end of the phase-in period (January 15, 2022) and the date that Petitioner likely will be eligible for home detention (September 28, 2023). Thus, even if the BOP were to award Petitioner 330 days of credit today, Petitioner still would not be entitled to release for a number of months, and she certainly was not entitled to release in September 2021.

permissible during the two-year phase-in period, not mandatory); *see Cannata*, 2021 WL 4254942, at *3.

The fact that an inmate's release date is imminent does not change the analysis. *See Fleming v. Joseph*, No. 3:20cv5990-LC-HTC, 2021 WL 1669361, at *5 (N.D. Fla. Apr. 7, 2021), *report and recommendation adopted*, 2021 WL 1664372 (N.D. Fla. Apr. 28, 2021); *Kennedy-Robey*, 2021 WL 797516 at *3 (noting that "if immediate implementation were mandated, Congress would have used the word 'shall' and not 'may' in 18 U.S.C. § 3621(h)(4)."). In sum, "the Court cannot require the BOP to use its discretion when the statute does not." *Kennedy-Robey*, 2021 WL 797516 at *3; *Tyree Craig Jones v. Warden Phelps*, No. CV 1:21-418-JFA-SVH, 2021 WL 3668885, at *8 (D.S.C. June 16, 2021) (dismissing the habeas petition because "[t]he court has no discretion to disregard the plain language of the relevant statutes"), *report and recommendation adopted*, No. 1:21-CV-00418-JFA, 2021 WL 3667396 (D.S.C. Aug. 17, 2021).

Not surprisingly, then, most courts that have addressed the issue raised by Petitioner have explicitly rejected her argument. These courts have held that "the statute contemplates a two-year period for the development of programs and the validation of risk assessment tools but does not require the BOP to truncate that process and begin to award ETCs during" this "phase in" period. *Cohen v. United States*, No. 20-CV-10833 (JGK), 2021 WL 1549917, at *3 (S.D.N.Y. Apr. 20, 2021).

In other words, the statute does not require the BOP to provide credits until the phase-in-period is completed. *Id.* at *3 (collecting cases); *see Stucker v. Strong*, No. 4:21-cv-11-MW-MJF, Order Accepting and Adopting Report and Recommendation, ECF No. 11 (N.D. Fla. Nov. 29, 2021); *Blanco v. Joseph*, No. 3:21-cv-904-LC-HTC, 2021 WL 4444970, at *2 (N.D. Fla. Aug. 26, 2021), *report and recommendation adopted*, No. 3:21-cv-904-LC-HTC, 2021 WL 4440438 (N.D. Fla. Sept. 28, 2021) (noting that "courts in this circuit have dismissed similar petitions as premature because the FSA provisions do not go into effect until January 15, 2022") (collecting cases). Accordingly, Petitioner's objections to the Magistrate Judge's Report and Recommendation lack any merit.

Accordingly,

**IT IS ORDERED:**

The report and recommendation, ECF No. 20, is **accepted and adopted** as this Court's opinion over Petitioner's objections. Respondent's motion to dismiss, ECF No. 13, is **GRANTED**. The Clerk shall enter judgment stating, "The petition for writ of habeas corpus, ECF No. 1, is **DISMISSED without prejudice**." The Clerk shall close the file.

**SO ORDERED on December 2, 2021.**

s/Mark E. Walker          
**Chief United States District Judge**

5